UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:97-CR-0072-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ERIC HAWKINS ) | |
| ) | |

This matter is before the court on defendant's *pro* se filing of 5 July 2017. (DE # 46.) Defendant requests placement in a residential re-entry center ("RRC") for a period of 12 months.

The court lacks the authority to order that a prisoner be placed in an RRC; rather, it is the Bureau of Prisons ("BOP") that determines whether (and for how long) a prisoner will be placed in an RRC. See 18 U.S.C. §§ 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment. . . . Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."), 3624(c)(1) ("The Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility."); Garrison v. Stansberry, No. 2:08cv522, 2009 WL 1160115, at *4 (E.D. Va. Apr. 29, 2009) ("Petitioner's request that this Court direct the BOP to place him in an RRC for the maximum period of twelve months is not relief which this Court may grant. Accordingly, the Court only has authority to

review whether the BOP properly reviewed Petitioner's case on an individualized basis and followed § 3621(b)'s five factors." (footnote omitted)).   Once the BOP makes its decision, "[i]t is proper for [the prisoner] to file a Section 2241 [habeas corpus] petition to challenge a decision of the BOP to limit or deny his placement in a [RRC]."   Jones v. Johns, No. 3:11-cv-305-RJC, 2012 WL 3203986, at *2 (W.D.N.C. Aug. 6, 2012).   However, before filing a § 2241 petition, the prisoner must exhaust his or her administrative remedies with the BOP.   Id.

Although defendant is nearing completion of the BOP's Residential Drug Abuse Program (and is not eligible for early release under that program), (DE # 46-1, at 2), it does not appear that any decision has been made regarding whether defendant may be placed in an RRC. Defendant's request is DENIED.

This 7 August 2017.

_____
W. Earl Britt
Senior U.S. District Judge